John Roy GARRETTSON; Donna Kathleen Garrettson, Plaintiffs–Appellants,

v.

Linda DAVIS, an individual; County of Douglas, a political subdivision of the State of Nevada; Jerry Maple, individually and in his capacity as Sheriff of the County of Douglas, State of Nevada; Brian McGuckin, individually and in his capacity as an Agent in the South Lake Tahoe Narcotic Task Force; and Rory Planeta, individually and in his capacity as Investigator in the Office of Sheriff, County of Douglas, State of Nevada; John Does, 1 through 100, Defendants–Appellees.

No. 00–17154.

D.C. No. CV–98–479–RAM–(ECR).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided July 10, 2002.

Before LAY,* THOMPSON, and TALLMAN, Circuit Judges.

MEMORANDUM**

John Roy Garrettson and Donna Kathleen Garrettson appeal the district court's summary judgment in favor of all defendants on their excessive use of force claims, and the district court's denial of their motion to amend to add a claim of unlawful interrogation. We review *de novo* the district court's grant of summary judgment, *Clicks Billiards, Inc. v. Six-*

shooters, Inc., 251 F.3d 1252, 1257 (9th Cir.2001), and we review for abuse of discretion the district court's denial of leave to amend. *Chappel v. Laboratory Corp.,* 232 F.3d 719, 725 (9th Cir.2000). We affirm in part, reverse in part, and remand.

■ The district court dismissed Mrs. Garrettson's excessive use of force claim based upon its determination that she failed to identify the individual officers responsible for the alleged use of force. In opposition to defendants' motion for summary judgment, however, Mrs. Garrettson submitted her own deposition testimony, wherein she identified Agent McGuckin as one of three officers who was in the room with her for more than an hour and a half, during which time she complained that the handcuffs were too tight, were causing her pain, and requested that they be loosened. A genuine issue of material fact exists as to whether Agent McGuckin participated in what Mrs. Garrettson alleges to have been an excessive use of force. *See La-Londe v. County of Riverside,* 204 F.3d 947, 959 (9th Cir.2000) (holding that tight handcuffing can constitute excessive force where the use of force was not objectively reasonable under the circumstances); *Cunningham v. Gates,* 229 F.3d 1271, 1289 (9th Cir.2000) (as amended) (quoting *United States v. Koon,* 34 F.3d 1416, 1447 n. 25 (9th Cir.1994), *rev'd on other grounds,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)) ("police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen."). Thus, we reverse the district court's entry of summary judgment on this claim, as well as the dismissal of the related state law assault and battery

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and emotional distress claims, and remand for further proceedings.

■ The district court did not abuse its discretion, however, when it denied Mrs. Garrettson leave to amend to add a claim for unlawful interrogation.[1] The unlawful interrogation claim was based upon facts and theories that were known, or should have been known, to Mrs. Garrettson at the time this case was filed. By the time Mrs. Garrettson sought leave to amend to allege the unlawful interrogation claim, discovery had been completed and pretrial proceedings were ready to commence. The district court did not err in denying Mrs. Garrettson leave to amend at that late date. *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.1994).

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings on Donna Kathleen Garrettson's § 1983 claim for excessive use of force, and her state claims for assault, battery and emotional distress. The parties shall bear their own respective costs for this appeal.

---

1. The fact that the district court proceeded to discuss the merits of the unlawful interrogation claim, and also indicated that summary judgment would be appropriate, does not change our conclusion that the court initially exercised its discretion to deny Mrs. Garrettson leave to amend. Because we conclude that leave to amend was properly denied, we need not discuss the merits of the unlawful interrogation claim.