G. Michael STRAUSS, Plaintiff–
Appellant,

v.

Donna HAMILTON;  et al.,
Defendants–Appellees.

No. 06–35560.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008.\*

Filed March 12, 2008.

G. Michael Strauss, Steilacoom, WA, for Plaintiff-Appellant.

William M. Van Hook, Esq., Rachel E. Burnside, Esq., AGWA—Office of the Washington Attorney General (Olympia) Social & Health Services, Olympia, WA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM \*\*

Washington state prisoner G. Michael Strauss appeals pro se from the district

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations in the handling of his legal mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

The district court properly concluded that Strauss failed to create a triable issue of fact on his claim that he was denied access to the courts, because he did not show that he suffered an actual injury when defendant Jones expedited delivery of his mail addressed to defendant Hamilton through courier delivery. *See Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989) ("An actual injury consists of some specific instance in which an inmate was actually denied access to the courts.") (citations and internal quotations omitted).

Although Strauss did not receive notice of Fed.R.Civ.P. 56 and the consequences of failing to meet its requirements prior to summary judgment, this omission was harmless because the record shows that Strauss "has a complete understanding of Rule 56's requirements gained from some other source." *Rand v. Rowland*, 154 F.3d 952, 961–62 (9th Cir.1998) (en banc) (permitting harmless error review where pro se prisoner litigant has a complete understanding of Rule 56's requirements gained from some other source).

The district court did not abuse its discretion in denying Strauss' motion for a continuance to conduct discovery where Strauss failed to explain why he was unable to oppose summary judgment or how discovery would produce evidence that would preclude summary judgment. *See* Fed.R.Civ.P. 56(f); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998) (holding that party seeking a continuance must

make clear what information is sought and how it would preclude summary judgment).

The district court acted within its discretion in denying Strauss leave to amend. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir.2000) (providing discretion to deny leave to amend when amendment would be futile).

Strauss' remaining contentions are unpersuasive.

**AFFIRMED.**