**Dontay D. HAYES, Plaintiff—Appellant,**

v.

**J.S. WOODFORD, Director of Corrections; et al., Defendants—Appellees.**

No. 06–56176.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 30, 2008.

Dontay D. Hayes, Corcoran, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Phillip Lindsay, Esq., Office of the Deputy Attorney General, San Diego, CA, for Defendants–Appellees.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

California state prisoner Dontay D. Hayes appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging prison officials violated his constitutional right of access to the courts by denying him adequate access to the law library during prison lock-down periods. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.2004), and we affirm.

The district court properly dismissed Hayes' action because the allegations in Hayes' amended complaint demonstrate that, even if his access to the law library was deficient, he did not sustain an actual injury as a result of defendants' conduct. *See Lewis v. Casey*, 518 U.S. 343, 351–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (holding that there is no abstract freestanding right to a law library, and a prisoner must demonstrate that his efforts to pursue a non-frivolous legal claim were hindered); *see also Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989) (holding

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that an "actual injury consists of some specific instance in which an inmate was actually denied access to the courts"). Even accepting Hayes' contentions of denial of law library access during lockdown, the record supports the district court's conclusion that Hayes' federal habeas petition was untimely.

The district court did not abuse its discretion by denying Hayes leave to file a second amended complaint. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir.2000) (stating that district court has discretion to deny leave to amend when amendment would be futile).

Hayes' remaining contentions are unpersuasive.

Hayes' December 14, 2006 motion to receive a copy of the motions he submitted on November 27, 2006 is denied.

Hayes' request for judicial notice is denied.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.