MEMORANDUM **
Napoleon T. Annan-Yartey appeals from a district court judgment in favor of Officer Pierre, City Defendants and Private Defendants[1] on his claims under 42 U.S.C. § 1983 and related state laws following an incident in which he was arrested by the Honolulu police. We have jurisdiction under 28 U.S.C. § 1291. We conclude that Annan-Yartey’s numerous contentions lack merit We affirm.
The facts of the case are known to the parties, and we do not repeat them below.
I
Annan-Yartey argues that the district court erred in dismissing or granting summary judgment on most of his claims.[2] We review de novo and may affirm on any basis supported by the record. See Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir.2004) (12(b)(6) dismissal); Enlow v. Salem-Keizer Yellow Cab Co., 389 F.3d 802, 811 (9th Cir.2004) (summary judgment).
§ 1933 Claims against Officer Pierre
The district court correctly granted summary judgment in favor of Officer Pierre on the § 1983 claims. As to Count 1 (§ 1983 — arrest), the record indicates that Officer Pierre had probable cause to arrest Annan-Yartey, and he did not use excessive force in arresting Annan-Yartey. See Gregory v. County of Maui, 523 F.3d 1103, 1106-07 (9th Cir.2008) (citing the balancing test from Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), and affirming a grant of sum *246 mary judgment). Moreover, Officer Pierre was entitled to qualified immunity. See Spoklie v. Montana, 411 F.3d 1051, 1060 (9th Cir.2005); Jensen v. City of Oxnard, 145 F.3d 1078, 1085 (9th Cir.1998).
As to Count 2 (§ 1983 — detention and confinement), Annan-Yartey failed to cite any conduct that would create a genuine issue of material fact for trial regarding his claim of malicious and false detention and confinement. Thus, summary judgment was properly granted.
As to Count 3 (§ 1983 — strip search), Annan-Yartey did not present any evidence that Officer Pierre was personally involved in the strip search, and Officer Pierre denies any involvement with An-nan-Yartey after he was released to the officers at the CRD. Thus, summary judgment was properly granted.
As to Count 4 (§ 1983 — conspiracy), the record indicates that Annan-Yartey failed to cite any conduct by Officer Pierre that would create a genuine issue of material fact regarding his conspiracy allegations. Thus, summary judgment was properly granted.
As to Count 5 (§ 1983 — refusing or neglecting to prevent), summary judgment was properly granted because Officer Pierre is not liable for this claim as an employee of City Defendants.
§ 1983 Claims against City Defendants
The district court correctly granted summary judgment in favor of City Defendants on the § 1983 claims. As to Counts 1 and 2 (§ 1983 — arrest; detention and confinement), the record indicates that An-nan-Yartey failed to make any allegations of fact to establish that the Honolulu Police Department had a formal policy or custom in place pursuant to which a city employee could have committed a constitutional violation. See Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992). Additionally, Annan-Yartey did not suffer a constitutional tort. See, e.g., Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992) (citing City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Thus, Annan-Yartey failed to establish municipal liability as to Counts 1 and 2. See Gillette, 979 F.2d at 1346-47.
As to Count 3 (§ 1983 — strip search), the record indicates that Annan-Yartey failed to make any allegations of fact to establish that (1) the Hawaii Police Department had a formal policy or custom in place pursuant to which a city employee could have committed a constitutional violation; (2) the individual who allegedly committed the constitutional tort was an official with final policy-making authority; or (3) an official with final policy-making authority ratified a subordinate’s allegedly unconstitutional decision or action. See Monell v. Dep’t of Soc. Servs. of City of N.Y., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, summary judgment was properly granted.
As to Count 4 (§ 1983 — conspiracy), the record indicates that Annan-Yartey failed to cite any conduct by City Defendants that would create a genuine issue of material fact regarding his conspiracy allegations. Thus, summary judgment was properly granted.
Count 5 (§ 1983 — refusing or neglecting to prevent) was tried by a jury, which returned a verdict in favor of City Defendants. Because Annan-Yartey does not appeal that jury verdict, we do not review it here.
§ 1983 Claims against Private Defendants
The district court correctly dismissed the § 1983 claims against Private Defendants. The record indicates that *247 Private Defendants cannot be liable under § 1983 because they did not “conspire[ ] or enter[] joint action with a state actor.” See Franklin v. Fox, 312 F.3d 423, 441 (9th Cir.2002).
Counts 6 and 9 — Malicious Prosecution; False Arrest and Imprisonment
The district court correctly granted summary judgment on Annan-Yartey’s claims of malicious prosecution, false arrest and false imprisonment because the record indicates that there was probable cause to arrest and imprison Annan-Yartey. See Reed v. City & County of Honolulu, 76 Hawai’i 219, 873 P.2d 98, 109 (1994) (“The determination of probable cause is a defense to the common law claims of false arrest, false imprisonment, and malicious prosecution.”).
Count 7 — Malicious Abuse of Process
The district court correctly granted summary judgment on Annan-Yartey’s claim of malicious abuse of process because (1) the record does not indicate any genuine issue of material fact surrounding the reasonableness of Officer Pierre’s arrest and detention of Annan-Yartey, thus precluding an abuse of process claim; and (2) the record indicates that Annan-Yartey failed to allege an ulterior purpose specific to the allegedly unreasonable strip search. See Young v. Allstate Ins. Co., 119 Hawai’i 403, 198 P.3d 666, 676 (2008) (elements of abuse of process claim).
Count 8 — Violation of Hawaii Civil Rights Act
The district court correctly dismissed and granted judgment on Annan-Yartey’s claims under Count 8. First, a “Hawaii Civil Rights Act” does not exist. Second, the record indicates that Annan-Yartey fails to state a claim under Hawaii’s anti-discrimination statutes. See Haw.Rev. Stat. § 489-3.
Counts 10 and 11 — Assault; Battery
The district court correctly granted summary judgment on Annan-Yartey’s claims of assault and battery because the record indicates that he failed to allege malice for either claim, and he failed to allege any facts that would rise to the level of assault or battery (with the possible exception of the strip search alleged under the battery claim). See Towse v. State, 64 Haw. 624, 647 P.2d 696, 702-03 (1982).
The battery claim based on the strip search was tried by a jury, which returned a verdict in favor of City Defendants. Because Annan-Yartey does not appeal that jury verdict, we do not review it here.
Count 12 — Conspiracy
The district court correctly granted summary judgment on Annan-Yartey’s conspiracy claim because he fails to establish an underlying actionable claim. See Weinberg v. Mauch, 78 Hawai’i 40, 890 P.2d 277, 286 (1995) (“[T]here can be no civil claim based upon a conspiracy alone.”) (internal quotation marks omitted).
Count 13 — Intentional Infliction of Emotional Distress
The district court correctly granted summary judgment on Annan-Yartey’s claim of intentional infliction of emotional distress. Absent from the record are any “outrageous” acts sufficient for liability, with the possible exception of the strip search. See Enoka v. AIG Haw. Ins., 109 Hawai’i 537, 128 P.3d 850, 872 (2006) (elements of IIED claim).
The intentional infliction of emotional distress claim based on the strip search was tried by a jury, which returned a verdict in favor of City Defendants. Because Annan-Yartey does not appeal that jury verdict, we do not review it here.
*248 II
The district court did not abuse its discretion in its disposition of the pre-trial motions. See Jorgensen v. Cassiday, 320 F.3d 906, 913 (9th Cir.2003) (“The district court is given broad discretion in supervising the pretrial phase of litigation ....” (quotation omitted)); Panatronic USA v. AT&T Corp., 287 F.3d 840, 846 (9th Cir. 2002) (stating that it is an abuse of discretion to not reopen discovery only “if the movant can show how allowing additional discovery would have precluded summary judgment” (quotation omitted)); Willis v. Pac. Mar. Ass’n, 244 F.3d 675, 684 n. 2 (9th Cir.2001) (“A district court judge has the discretion, when considering a motion for summary judgment, to determine whether or not to hold an oral hearing.”); Chappel v. Lab. Corp. of Am., 232 F.3d 719, 725-26 (9th Cir.2000) (“A district court acts within its discretion to deny leave to amend when amendment would be futile....”); Rand v. Rowland, 154 F.3d 952, 956-58 (9th Cir.1998) (en banc) (district court need not advise a non-prisoner pro se litigant of the requirements of Fed R. Civ. P. 56).
Annan-Yartey’s remaining allegations lack merit.
City Defendants’ motion to strike An-nan-Yartey’s reply brief is denied as moot.
Annan-Yartey’s motion to expedite is denied as moot.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. City Defendants consist of the Honolulu Police Department, Police Chief Correa and the City and County of Honolulu, collectively. Private Defendants consist of Cades and Schutte LLP, Ernest Nomura, Safeguard Services, Inc. and Safeguard guards, collectively.

. Annan-Yartey does not appeal the judgment against him on the three claims against City Defendants tried by a jury. We do not address them here.