**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEXANDER Y. MARN, as an individual; et al.,

Plaintiffs - Appellants,

v.

McCULLY ASSOCIATES, a Hawaii registered Limited Partnership; et al.,

Defendants - Appellees.

No. 14-15169

D.C. No. 1:12-cv-00684-DKW-BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Appellants appeal from the district court's judgment dismissing their action

alleging various claims arising from a state court-appointed receiver's involvement

in the winding down of a partnership. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Thompson v. Paul*, 547 F.3d 1055, 1058 (9th Cir. 2008).  We affirm in part and dismiss in part.

To the extent that appellants sought injunctive relief or money damages against Hayes, the district court properly dismissed their § 1983 claim because as a state court-appointed receiver, Hayes was entitled to absolute quasi-judicial immunity for actions undertaken pursuant to, and approved by, court orders.  *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) (generally, judges have absolute immunity from damages); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302-03 (9th Cir. 1989) (explaining that "absolute judicial immunity generally immunizes persons such as [receivers] who, pursuant to court appointment, administer the affairs of litigants" and that a receiver is immune unless "the judge's ultimate actions were not judicial or beyond the scope of the court's jurisdiction" (citation and internal quotation marks omitted)).

To the extent that appellants sought declaratory relief against Hayes, we dismiss the appeal of their § 1983 claim as moot because this court cannot provide

appellants any effective relief by declaring that Hayes' actions in connection with the sale of the McCully Shopping Center violated due process. *See In re Burrell*, 415 F.3d 994, 997-98 (9th Cir. 2005) (explaining that "this court has an independent obligation to consider mootness *sua sponte*" and that a case is moot when an appellate court cannot provide appellants "any effective relief in the event that it decides the matter on the merits in [their] favor" (citation and internal quotation marks omitted)).

Dismissal without leave to amend was proper because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

Appellants' contentions that the district court improperly considered matters outside the pleadings or made erroneous findings of fact are without merit.

**AFFIRMED in part; DISMISSED in part.**