**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOE LOUIE MENDOZA,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>EDUARDO M. FERRIOL, Clinical<br>Director,<br><br>Defendants-Appellees. | No. 15-16351<br><br>D.C. No. 4:12-cv-00892-DCB-PSOT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 13, 2016[**]

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Joe Louie Mendoza, a former federal prisoner, appeals pro se from the

district court's judgment dismissing his action under the Federal Tort Claims Act

("FTCA") and *Bivens v. Six Unknown Named Agents of Federal Bureau of*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Narcotics*, 403 U.S. 388 (1971).  We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Mendoza's FTCA claim for lack of subject matter jurisdiction because Mendoza failed to allege administrative exhaustion under the FTCA.  *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint." (internal citation omitted)).  We reject Mendoza's contention that exhaustion under the Prison Litigation Reform Act satisfies the requirement to exhaust under the FTCA.  *Compare* 28 C.F.R. §§ 542.13-15 (Bureau of Prisons administrative grievance procedures) *with* 28 C.F.R. §§ 543.30-32 (administrative exhaustion procedures for the FTCA within the Bureau of Prisons).

The district court properly dismissed Mendoza's *Bivens* claims because Mendoza failed to allege facts sufficient to state any plausible claims.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

15-16351

The district court did not abuse its discretion by dismissing Mendoza's second amended complaint without leave to amend after concluding that further amendment would be futile. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court acts within its discretion to deny leave to amend when amendment would be futile).

The district court did not abuse its discretion by denying Mendoza's motion for reconsideration because Mendoza did not establish any basis for reconsideration under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds warranting reconsideration under Rules 59(e) and 60(b)).

**AFFIRMED.**