NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KARMEL ROE,

Plaintiff-Appellant,

v.

BANK OF AMERICA, N.A.; et al.,

Defendants-Appellees.

No.    15-55471

D.C. No. 5:11-cv-01991-TJH-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Karmel Roe appeals pro se from the district court's judgment dismissing her

action alleging federal and state law claims arising from foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

12(b)(6). *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Roe's action because Roe lacks standing to challenge any assignment of her loan into a securitized trust. *See, e.g., Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 796 (Ct. App. 2016) (holding that an assignment of a loan into a securitized trust that was allegedly forged or untimely was merely voidable and, therefore, the borrower lacked standing to challenge its validity).

The district court did not abuse its discretion by denying Roe leave to amend because amendment would have been futile. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that denial of leave to amend is proper when amendment would be futile).

We reject as without merit Roe's contentions that the district court violated her right to due process, incorrectly analyzed relevant case law, and neglected to address any of Roe's claims.

**AFFIRMED.**