NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY ELL SHEHEE,

Plaintiff-Appellant,

v.

PAMELA AHLIN; et al.,

Defendants-Appellees.

No. 16-15831

D.C. No. 1:14-cv-00005-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Gregory Ell Shehee appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations

arising from his time as a pre-commitment civil detainee and civilly committed

Sexually Violent Predator.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm in part, reverse in part, and remand.

The district court properly dismissed Shehee's First Amendment free exercise claim because Shehee failed to allege facts sufficient to show that any defendant's actions substantially burdened his practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (requirements for First Amendment free exercise claim).

The district court properly dismissed Shehee's claim for denial of access to the courts because Shehee failed to allege facts sufficient to show he suffered an actual injury. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (requirements for denial of access to courts claim).

The district court properly dismissed Shehee's claims of constitutionally inadequate medical care against defendants Ahlin, King, Sanduh, and Waggoner because he failed to allege facts sufficient to show these defendants personally participated in the alleged rights deprivation. *See Jones*, 297 F.3d at 934 (outlining requirement of personal participation in alleged constitutional deprivation). The district court properly dismissed Shehee's claim of constitutionally inadequate

medical care against Dr. Nguyen arising out of the events following Shehee's surgery in April 2014 because he failed to allege facts sufficient to show Dr. Nguyen's decisions during that time were a "substantial departure from accepted professional judgment, practice, or standards." *Youngberg v. Romero*, 457 U.S. 307, 323 (1982).

However, dismissal of Shehee's claim of constitutionally inadequate medical care against Drs. Tur and Nguyen arising from events occurring prior to Shehee's surgery in April 2014 was premature. Shehee alleged these defendants knew Shehee's wrist was fractured yet failed to treat it, other than prescribing him Tylenol and Motrin, for over one year. Liberally construed, these allegations were "sufficient to warrant ordering [defendants] to file an answer," *Wilhelm*, 680 F.3d at 1116, because under any potentially applicable standard they state a claim of constitutionally inadequate medical care. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official is deliberately indifferent if he or she knows of and disregards an excessive risk to an inmate's health); *see also Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (pre-commitment civil detainees entitled to protections at least as great as individuals accused but not convicted of a crime); *Youngberg*, 457 U.S. at 323 (standard for conditions of confinement claim

16-15831

applicable to civilly committed individuals).  Accordingly, we reverse and remand for further proceedings as to this claim.

The district court did not abuse its discretion in declining to grant Shehee leave to file a Fourth Amended Complaint.  *See Chappel v. Lab. Corp.*, 232 F.3d 719, 725 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . ."); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court's discretion "particularly broad" when it has already granted a plaintiff leave to amend).

We reject as without merit Shehee's contentions concerning his declination of the jurisdiction of the magistrate judge.

**AFFIRMED in part, REVERSED in part and REMANDED.**

16-15831