

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| E.F., et al., | No. 15-56452 |
| Plaintiffs-Appellants, | D.C. No. 8:14-cv-00455-CJC-RNB |
| v. | |
| NEWPORT MESA UNIFIED SCHOOL DISTRICT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 16, 2017
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges; and MURPHY,**
District Judge.

E.F. and his parents, Eric and Aneida Fulsang ("plaintiffs"), appeal the

district court's decision affirming the ruling of an administrative law judge (ALJ)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

and granting summary judgment for Newport Mesa Unified School District ("the District") on their claims arising under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq.; title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12132–34; section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and California law. When considering the district court's affirmance of an IDEA administrative due process hearing decision, we review questions of law de novo and findings of fact for clear error. *Amanda J. ex rel. Annette J. v. Clark Cty. Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001). We review de novo "whether a school district's proposed individualized education program provided a free appropriate public education," *id.*, as well as the district court's grant of summary judgment, *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** It was proper for the district court to accord the ALJ's decision substantial deference, because the ALJ's decision was thorough, careful, impartial, and sensitive to the complexity of the issues presented. *See Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1476 (9th Cir. 1993). The ALJ's sixty-one-page decision contained findings of fact sufficiently linked to discrete analysis and thoughtful consideration of the documents and testimony received during the seven-day

administrative hearing.

Additionally, the record does not compel the conclusion that the ALJ erred in affording little weight to the testimony of Dr. Elizabeth Hughes of the Institute for Applied Behavior Analysis (IABA). *See Amanda J.*, 267 F.3d at 889.

We find that the district court properly upheld the ALJ's decision on plaintiffs' IDEA claims. With the exception of the District's failure to assess E.F. for a high-tech assistive technology (AT) device between February 2012 and February 2013, E.F.'s individualized education programs (IEPs) were otherwise "reasonably calculated to enable [E.F.] to receive educational benefits" and provided E.F. with a free appropriate public education (FAPE). *Id.* at 890 (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 206–07 (1982)). Before February 2012, E.F. made some progress toward his speech and language goals, and the District was using nonelectronic AT devices to improve E.F.'s communicative skills. *See* 20 U.S.C. § 1414(d)(3)(B)(v). Although plaintiffs presented evidence that children with autistic-like behaviors may begin using electronic AT devices as early as age three, evidence adduced at the administrative hearing also established that some foundational behavioral and communicative skills are necessary in order for children to use electronic AT devices successfully. Accordingly, we hold that the District did not deny E.F. a

3

FAPE by failing to assess him for an electronic AT device before February 2012.

**2.** The district court properly granted summary judgment for the District on plaintiffs' claims under title II of the ADA and section 504 of the Rehabilitation Act. A reasonable factfinder could not conclude that the District's denial of an electronic AT assessment before 2013 amounted to intentional discrimination in the form of deliberate indifference. *See A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016). The record demonstrates that, while the District should have assessed E.F. for a high-tech AT device before 2013, its decision not to do so was the result of thorough and good-faith evaluations of E.F.'s foundational communicative skills.

**3.** The district court also correctly granted summary judgment for the District on plaintiffs' state law claims on the grounds that such claims were barred by Eleventh Amendment immunity. *See Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009) (dismissing state civil rights claims brought against a school district in federal court as barred by Eleventh Amendment immunity).

**4.** Finally, the district court did not err when it entered summary judgment before the close of discovery. Plaintiffs had sufficient time for discovery "necessary to develop 'facts essential to justify . . . opposition' to the [summary judgment] motion" because of the age of the case and the developed record at the

time of the district court's order. *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) (quoting Fed. R. Civ. P. 56). Nor did the district court abuse its discretion in failing to offer plaintiffs another opportunity to further amend their complaint. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000).

**AFFIRMED.**

Costs on appeal are awarded to defendants.