**James CHAPPEL, Plaintiff–Appellant,**

v.

**LABORATORY CORPORATION OF AMERICA, aka National Health Lab, Defendant–Appellee.**

**No. 98–17361.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2000

Filed Nov. 14, 2000

---

Robert J. Rosati, Fresno, California, for the appellant.

Marvin I. Bartel and Douglas J. Woods, Pillsbury Madison & Sutro LLP, Sacramento, California, for the appellee.

Before: KOZINSKI, FERNANDEZ, and W. FLETCHER, Circuit Judges.

W. FLETCHER, Circuit Judge:

We hold that an arbitration clause in appellee Laboratory Corporation of America's ERISA-governed health benefits plan is enforceable. We also hold that appellant James Chappel should have received leave to amend his complaint to state a claim against the administrator of the plan for breach of fiduciary duty in failing adequately to notify Chappel of the existence and terms of the arbitration clause.

I

In September 1993, Trina Chappel became an employee of National Health Laboratories Incorporated, a company now known, and to which we will refer, as Laboratory Corporation of America ("Lab Corp"). Lab Corp provided health insurance benefits to its employees and their eligible dependents through the National Health Laboratories Incorporated Medical Plan ("Plan"), a self-insured welfare benefits plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Lab Corp both sponsored and administered the Plan.

Trina's then-spouse, James Chappel ("Chappel"), was insured under the Plan by virtue of Trina's employment with Lab Corp. Lab Corp provided Trina with the summary plan description as part of her "Employment Manual." This manual explained that the Plan would not pay medical expenses for "any condition which, in the judgement [sic] of an independent physician designated by the Plan Administrator, had to have existed in the twelve (12) months prior to [the] plan effective date."

The Employment Manual also contained a description of the Plan's claims procedure. The claims procedure required a Plan participant who wished to dispute the denial of requested benefits first to file an internal appeal with the Plan. If the Plan denied the internal appeal, it required a dissatisfied claimant to seek arbitration as his or her exclusive remedy. Specifically, the Plan's arbitration clause provided:

> If your claim is denied on appeal, your sole remaining remedy is to appeal the matter to an impartial arbitrator. . . .
>
> You must submit your request for arbitration to the [Lab Corp] Human Resources Department within 60 days of receipt of the written denial of your appeal. You and the Plan each will pay one-half of the costs of arbitration. . . .
>
> . . . The arbitrator may grant your appeal, in whole or in part, but only if the

arbitrator determines that its grant is justified because (1) the appeal official was in error upon an issue of law, (2) the official acted arbitrarily and capriciously in denying your claim or (3) the official's finding of fact, if applicable, was not supported by substantial evidence.

The decision of the arbitrator will be final and binding on all parties. No party has the right to sue in any state [or] federal court with respect to any matter to which this claims procedure applies.

After enrolling in the Plan, Chappel underwent surgery and related medical treatment, and he thereafter submitted his medical bills to the Plan for payment. The Plan denied benefits because it concluded that Chappel's medical condition was preexisting. Chappel filed an internal appeal. The Plan denied the appeal in a letter dated May 17, 1995. According to Chappel, the Plan did not then bring to his attention, in the May 17 letter or otherwise, that his sole means of redress was arbitration and that he had 60 days in which to pursue it.

On October 24, 1997, Chappel timely filed suit against Lab Corp, as the Plan's administrator, in federal district court pursuant to ERISA's private right of action, 29 U.S.C. § 1132(a)(1). Chappel's complaint requested reversal of the Plan's denial of his medical benefits. Lab Corp defended on the ground that it was not the proper defendant and asserted that Chappel should instead have sued the Plan. In response, Chappel filed a first amended complaint naming both Lab Corp and the Plan as defendants.

Sometime after Chappel filed suit, the Plan informed him of the arbitration clause. Chappel claims that he had not previously known about the clause. Chappel again amended his complaint, this time to state two claims rather than one. The first claim renews Chappel's earlier request for reversal of the denial of benefits. It asserts that the Plan's failure to notify him of the existence of the arbitration clause when it denied his internal appeal resulted in waiver, estoppel, and detrimental reliance. The second claim requests a declaratory judgment that the arbitration clause violates ERISA because the clause requires the beneficiary to pay one-half of the costs of the arbitration, imposes a contractual 60–day statute of limitations, and does not provide for attorneys' fees. By contrast, the private right of action under ERISA does not require the sharing of costs, allows a four-year statute of limitations for an action to recover benefits under a written contract, *see Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643 (9th Cir.2000) (en banc), and provides attorneys' fees to a prevailing plaintiff, *see* 29 U.S.C. § 1132(g)(1).

The district court dismissed Chappel's second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). It held that Chappel's first claim is barred by the Plan's mandatory arbitration clause. It also held the arbitration clause valid and enforceable, despite the fact that the rights it confers are less advantageous than those conferred by the private cause of action otherwise available under ERISA. Finally, the district court denied Chappel leave to amend his complaint to state a claim against the plan administrator for breach of fiduciary duty in failing to notify him in a timely fashion of his right to pursue arbitration.

Chappel appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

II

 Whether a complaint states a claim is a question of law reviewed *de novo. See Arnett v. California Pub. Employees Retirement Sys.,* 179 F.3d 690, 694 (9th Cir.1999). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would

entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999).

■ Section 502 of ERISA entitles a participant or beneficiary of an ERISA-regulated plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Before invoking this private right of action, however, an ERISA plaintiff whose claim is governed by the contractual terms of the benefits plan, rather than by the statutory provisions of ERISA itself, must first exhaust the administrative dispute-resolution mechanisms of the benefit plan's claims procedure. *See Graphic Communications Union v. GCIU–Employer Retirement Benefit Plan*, 917 F.2d 1184, 1187–88 (9th Cir.1990). Thus, if the plan contains an arbitration clause, the plaintiff must arbitrate the dispute in accordance with the clause in order to exhaust his administrative remedies before filing suit in federal court.[1] *See id.*

The Plan at issue in this case contains an arbitration clause, and Chappel failed to exhaust this dispute-resolution mechanism before filing suit. His suit is therefore barred unless he can show that the arbitration clause is unenforceable or invalid.[2] Chappel makes three attacks on the clause, but each fails as a matter of law.

■ First, Chappel argues that even if the arbitration clause is legally enforceable as a general matter, the Plan waived its right to rely on the arbitration clause in this case by litigating the dispute in federal court. We do not lightly find waiver of the right to arbitrate, *see Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758 (9th Cir.1988), and we do not do so here.

■ To prevail on this point, Chappel must show that the defendants knew of their right to arbitrate, acted inconsistently with that right, and, in doing so, prejudiced Chappel by their actions. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990). While we do not doubt that the defendants knew of the arbitration clause, we cannot discern any aspect of their litigation behavior that was inconsistent with an intent to stand on their right to arbitrate. When Chappel filed a complaint against Lab Corp seeking judicial review of the Plan's benefit determination, Lab Corp moved to dismiss on the ground that the Plan, not Lab Corp, was the proper defendant. Because Lab Corp was not a proper defendant, it could not have invoked the arbitration clause as a defense, and its failure to stand on the arbitration clause therefore cannot be construed as waiver. Later, when Chappel amended his complaint to add the Plan as a defendant, the Plan promptly filed a motion to dismiss based on the arbitration clause. We perceive no inconsistency between the right to arbitrate and a litigation defense premised on that right.

■ Chappel next argues, in general reliance on *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), that we should declare the arbitration clause invalid because some of its terms are less generous than the statutory rights guaranteed to plan participants and beneficiaries under

---

1. The arbitration clause in this case purports to foreclose judicial review altogether. We are unaware of any authority allowing an ERISA-governed plan to designate arbitration as the exclusive remedy for an aggrieved claimant and entirely to foreclose judicial review of the arbitrator's decision. This case does not require us to decide whether such a term is permissible, and we therefore do not reach that question.

2. The Secretary of Labor has proposed revised regulations that would forbid ERISA plans to use arbitration clauses like the one at issue in this case, but those regulations have not yet been approved. *See* Amendments to Employee Benefit Plan Claims Procedures Regulation, 65 Fed.Reg. 23040, 23041 (Apr. 24, 2000); 63 Fed.Reg. 48405 (Sept. 9, 1998).

ERISA. Specifically, Chappel objects to the cost-sharing provision and to the deferential standard of review the arbitrator must apply to the Plan's benefits determinations. We hold that these provisions do not render the arbitration clause invalid.[3]

We rejected an identical challenge to a cost-sharing provision in *Graphic Communications Union*, 917 F.2d at 1188–89, and we are not at liberty to depart from our precedent. Moreover, the arbitrator's deferential standard of review is consistent with the standard of review that a district court would use, in an appropriately drafted plan, in determining Chappel's right to benefits. *See Kearney v. Standard Insurance Co.*, 175 F.3d 1084, 1087–89 (9th Cir. 1999) (en banc). Chappel contends that judicial review would be more searching because the Plan, as both the employer and the administrator, operated under an inherent conflict of interest in determining his eligibility for benefits. Yet it is uncontested that the Plan sent Chappel's claim to an independent medical consultation company for review before denying his internal appeal, thereby seeking to eliminate the potential for its eligibility determination to be influenced by any such conflict. In the absence of an apparent conflict of interest, a district court, like the arbitrator, would properly accord the Plan's determination deference in accordance with the terms of the plan. *See McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1108 (9th Cir.2000).

3. Chappel's complaint also maintained that the clause is unenforceable because it imposes a shorter time limit within which to demand arbitration than does ERISA's statute of limitations and because, unlike ERISA, the arbitration clause does not provide for an award of attorneys' fees to a prevailing plaintiff. Chappel does not renew these arguments on appeal. We deem those arguments waived, *see Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999), and do not consider the effect of the shorter time limit or absence of an attorneys' fees provision on the validity of the clause.

4. Without the FAA's strong policy in favor of arbitration to tip the scales, an ERISA plain-

Third, Chappel contends that the arbitration clause is unenforceable because the Plan is part of an employment contract and, under our decision in *Craft v. Campbell Soup Co.*, 177 F.3d 1083 (9th Cir.1999), employment contracts are not covered by the Federal Arbitration Act ("FAA"). We believe that Chappel may be able to prove that the Plan was part of an employment contract and that the arbitration clause contained in the Plan was therefore outside the scope of the FAA. It does not follow, however, that the arbitration clause is unenforceable. While the distinctive procedural apparatus and presumption of arbitrability of the FAA would fall away,[4] Chappel would still be required under the law of contract to arbitrate in accordance with the clause. *See Cole v. Burns Int'l Security Servs.*, 105 F.3d 1465, 1472 (D.C.Cir.1997).

In short, Chappel's claim for direct judicial review of the Plan's benefits determination is barred by the Plan's valid and enforceable arbitration clause. The district court properly dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### III

We review a denial of leave to amend a complaint for an abuse of discretion. *See Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir.1999). A district court acts within its discretion to

tiff might more easily show that an ERISA-governed plan's arbitration clause is unenforceable because it conflicts with statutory provisions or regulations governing the judicial review of benefits determinations under ERISA. Chappel, however, has not made such a showing. He bases his argument that the arbitration clause is facially invalid solely on its cost-sharing provision. *Graphic Communications Union*, the case in which we approved such a provision, was not governed by the FAA and therefore did not consider the pro-arbitration policy of the FAA when it approved cost-sharing. *See* 917 F.2d at 1188–89.

deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith. *See Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir.1999). In this case, the district court denied Chappel leave to amend solely because it believed that amendment would be futile. Because Chappel's proposed amendment would allow him to state a legally cognizable claim for breach of fiduciary duty against Lab Corp, we reverse.

There is no provision of ERISA or its implementing regulations that specifically governs the administration of arbitration clauses. However, a plan's internal procedures for reviewing denied claims are addressed in 29 U.S.C. § 1133. Section 1133 provides that claimants must be notified of the reasons why a claim has been denied and must be given a reasonable opportunity for a full and fair internal review. It also empowers the Secretary of Labor to issue implementing regulations. *See id.*

The regulations implementing § 1133 require that a plan's internal claims procedures be "reasonable." 29 C.F.R § 2560.503–1(b). Specifically, although "[a] plan may establish a limited period within which a claimant must file any request for review of a denied claim[,] . . . [i]n no event may such a period expire less than 60 days after receipt by the claimant of written notification of denial of a claim." *Id.* § 2560.503–1(g)(3). Further, a claimant must receive written notice of the reasons why a claim has been denied and "[a]ppropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for [internal] review." *Id.* § 2560.503–1(f).

 Neither 29 U.S.C. § 1133 nor its implementing regulations are directly applicable here; they address only a plan's internal appeal process and do not contemplate arbitration as an additional layer of pre-judicial dispute resolution. An ERISA fiduciary is nonetheless constrained by its duty to "discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries," ERISA § 404(a); 29 U.S.C. § 1104(a), when it writes and implements an arbitration clause. Although the existing ERISA regulations do not specifically address arbitration, we believe that they provide guidance for a fiduciary seeking to create "reasonable" arbitration procedures. *See* 29 C.F.R. § 2560.503–1(b). Just as a fiduciary must give written notice to a plan participant or beneficiary of the "steps to be taken" to obtain internal review when it denies a claim, *id.* § 2560.503–1(f), so also, we believe, should a fiduciary give written notice of steps to be taken to obtain external review through mandatory arbitration when it denies an internal appeal.

A plan administrator knows, or should know, that a claimant may not be aware, when his or her internal appeal is denied, of a mandatory arbitration clause and a time limit for seeking arbitration, even though the clause and its terms are part of the contract for benefits. Mandatory arbitration is an additional step in the plan's claim procedure and is, to some degree, a substitute for judicial review of the administrator's decision. Because mandatory arbitration is a part of the plan's claims procedure, a claimant must take certain steps, which the plan itself establishes, in order to obtain external review of his claim. If the claimant fails to seek arbitration in a timely fashion, both arbitration and judicial review of that arbitration (to the extent judicial review is available under the terms of the plan) are entirely foreclosed. Given the consequences of an untimely request for arbitration, if a plan administrator does not bring to the claimant's attention, at the time the internal appeal is denied, the plan's arbitration requirement and the steps necessary to invoke the arbitration clause, the administrator cannot claim to be acting "solely in the interest of the participants and beneficiaries."

 We therefore hold that Lab Corp, as Plan administrator, breached its fiducia-

ry duty to Chappel if, as Chappel alleges, it adopted a mandatory arbitration clause that set a 60–day time limit in which to demand arbitration and then relied, for notice of the clause and its terms, on a summary plan description contained in an employment manual. It would have been a simple matter, when the Plan administrator sent a letter to Chappel notifying him of its denial of his appeal, for the administrator to have notified Chappel in that same letter of the arbitration clause and its required procedures. If the administrator had done that, it would have fulfilled its fiduciary duty to Chappel.

When a fiduciary breaches its duty and relief is not otherwise available under the statute, § 502(a)(3) of ERISA provides for individualized equitable relief. *See* 29 U.S.C. § 1132(a)(3); *Varity Corp. v. Howe,* 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). In cases of inadequate notice, the usual remedy is to allow the plaintiff to file a late appeal and to construe it as timely. *See White v. Jacobs Eng'g Group Long Term Disability Benefit Plan,* 896 F.2d 344, 350–51 (9th Cir. 1990); *see also J.W. Counts v. American Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir.1997); *Epright v. Environmental Resources Mgmt., Inc. Health & Welfare Plan,* 81 F.3d 335, 342 (3d Cir.1996). We believe this is an appropriate remedy in this case.

The district court should grant Chappel leave to amend his complaint to state a claim against Lab Corp for breach of fiduciary duty. If Chappel can prove that Lab Corp failed to provide timely and effective notification of his right to arbitration and the time in which he had to act to preserve that right, he will be entitled to file an out-of-time demand for arbitration.

For the foregoing reasons, we AFFIRM in part, REVERSE in part, and REMAND for proceedings consistent with this opinion.

1. For example, an administrator might give bad information, or incomplete information,

**FERNANDEZ, Circuit Judge, Concurring and Dissenting:**

While I agree that ERISA claims are arbitrable, I cannot agree that the plan administrator breached its fiduciary duties to Chappel.

No doubt a plan beneficiary has the right to know about the plan's provisions for seeking review of the plan administrator's decisions. But the mechanism that ERISA provides to assure that is the summary plan description (SPD). If that is clear, and if the administrator does nothing to prevent reliance upon it,[1] I cannot see how a breach of fiduciary duty has taken place.

But we are, in effect, asked to decide that Congress passed a useless Act, at least from the standpoint of a fiduciary, when it required that a SPD must contain a description of "the remedies available under the plan for the redress of claims which are denied." 29 U.S.C. § 1022(b); *see also* 29 U.S.C. §§ 1021, 1024(b). That, of course, is because the notice is now to be deemed inadequate, and will have to be retold to the beneficiary at what we deem to be the appropriate time. Just how many other parts of the SPD sections will be found to be similarly insufficient is now unknown. For example, if the plan administrator happens to hear that a person is ill, must the administrator seek the person out and inform him of "the procedures to be followed in presenting claims for benefits?" 29 U.S.C. 1022(b). Neither the employer, the employee, nor the administrator will know the answer until we, once again, take the measure of our judicial foot.

We, by inference, are also invited to ignore cases which have held that when the SPD explains the rules which will be applied by the plan, ERISA does not additionally impose sua sponte individualized disclosure requirements. *See Stahl v.*

when asked. *See Krohn v. Huron Memorial Hosp.,* 173 F.3d 542, 550 (6th Cir.1999).

Tony's Bldg. Materials, Inc., 875 F.2d 1404, 1409 (9th Cir.1989); *Schultz v. Metropolitan Life Ins. Co.,* 872 F.2d 676, 680 (5th Cir.1989); *Cummings v. Briggs & Stratton Retirement Plan,* 797 F.2d 383, 387–88 (7th Cir.1986). I would decline that invitation.

Here, as in other cases,[2] we are asked to create a duty through nothing more than judicial fiat or thaumaturgy. I would deny that request. Among other things, I see no need for it; I am not that cynical about the general competence of workers or about the general motives of plan administrators. Nor do I think that we should pile new burdens upon administrators. Of course, it is always easy for us to add steps to the minuet which administrators must perform if they are to avoid litigation and worse. Each step is just one step, and (as courts often like to suggest) a minor thing to require of the administrator—"a simple matter." *See* maj. op. at 727. In the end, however, we are creating an exceedingly complex little dance. The result of a misstep in that dance may be an action against the administrator which will ultimately lead to an attempt to mulct him for his alleged wrongdoing. At the very least, it will tarnish the administrator, his methods and motives, and may well lead to an imposition of liability upon a plan that should be barred due to the beneficiary's own inaction.

As I have written before, a major purpose of ERISA's carefully tailored provisions was to encourage the creation of welfare benefit plans. *See Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1102–03 (9th Cir.1999) (en banc) (Fernandez, J. dissenting). We, however, are in danger of becoming veritable Molochs for those who have the temerity to provide and administer benefit plans for America's workers.

Thus, while I agree that the arbitration clause is valid and enforceable, I respectfully dissent from part III of the majority opinion.

---

**2.** *See, e.g., Bins v. Exxon Co.,* 220 F.3d 1042, 1053–54 (9th Cir.2000) (en banc) (rejecting just such an attempt).