**Taliba C. JOHNSON, Plaintiff–Appellant,**

v.

**State of WASHINGTON; Gary Locke, Governor, Defendants–Appellees.**

No. 00–35726.

D.C. No. CV–98–05188–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Taliba C. Johnson appeals pro se the district court's order granting summary judgment in favor of the State of Washington in her action alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000), and we affirm.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Because Johnson failed to present any evidence that the she was subjected to an adverse employment action causally linked to her filing an EEOC complaint, the district court properly granted summary judgment in favor of the defendants. *See Folkerson v. Circus Circus Enters., Inc.,* 107 F.3d 754, 755 (9th Cir.1997).

The district court properly dismissed Johnson's common law claims against the State of Washington because the record does not indicate that the state consented to suit. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

The record belies Johnson's contention that the district court failed to perform a de novo review of her objections to the magistrate's report and recommendation as required by 28 U.S.C. § 636. *See N. Am. Watch Corp. v. Princess Ermine Jewels,* 786 F.2d 1447, 1450 (9th Cir.1986).

The magistrate judge did not abuse its discretion by denying Johnson's motion to amend her complaint because the State of Washington is immune from suit under the Eleventh Amendment and amending the complaint to add a constructive discharge claim would have been futile. *Cf. Chappel v. Lab. Corp. of Am.,* 232 F.3d 719, 725–26 (9th Cir.2000) (holding that a district court abuses its discretion to deny leave to amend when amendment is not futile).

AFFIRMED.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.