Terrence R. HALL, Plaintiff—
Appellant,

v.

Jerry KELLER; et al., Defendants—
Appellees.

No. 06–16116.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 27, 2007.

Terrence R. Hall, Indian Springs, NV,
pro se.

Michael L. Foley, Esq., Clark County
District Attorney's Office Civil Division,
Las Vegas, NV, for Defendants–Appellees.

Before: TROTT, W. FLETCHER and
CALLAHAN, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Terrence R. Hall
appeals pro se from the district court's
summary judgment for defendants in his
42 U.S.C. § 1983 action alleging sub-stan-
dard medical attention and inadequate
meals. We have jurisdiction under 28
U.S.C. § 1291. We review de novo a dis-
trict court's grant of summary judgment.
*Morrison v. Hall,* 261 F.3d 896, 900 (9th
Cir.2001). We review for an abuse of dis-
cretion the district court's denial of a mo-
tion to amend a complaint, *Ward v. Circus
Circus Casinos, Inc.,* 473 F.3d 994, 1000
(9th Cir.2007) and the district court's dis-

covery rulings, *Childress v. Darby Lum-
ber, Inc.,* 357 F.3d 1000, 1009 (9th Cir.
2004). We affirm.

The district court properly granted sum-
mary judgment to defendants because Hall
did not raise a triable issue as to whether
he suffered a sufficiently serious injury to
his back or whether any prison official
possessed a culpable state of mind in deny-
ing him adequate medical attention. *See
Wilson v. Seiter,* 501 U.S. 294, 296–97, 111
S.Ct. 2321, 115 L.Ed.2d 271 (1991) (outlin-
ing requirements for medical indifference
claim under Eighth Amendment). Simi-
larly, Hall failed to raise a triable issue as
to whether the food he was served injured
his health. *See LeMaire v. Maass,* 12
F.3d 1444, 1456 (9th Cir.1993) (finding food
that occasionally contains foreign objects
or sometimes is served cold, while unpleas-
ant, does not amount to a constitutional
deprivation).

The district court did not abuse its dis-
cretion by denying Hall's motion to add
over fifty defendants to his complaint
where doing so would further delay resolu-
tion of the case and unduly prejudice the
defendants. *See Chappel v. Lab. Corp. of
Am.,* 232 F.3d 719, 725–26 (9th Cir.2000)
(holding district court may deny leave to
amend when it would cause undue preju-
dice to the defendant).

The district court did not abuse its dis-
cretion by denying as untimely the discov-
ery motions Hall filed after the discovery
deadline which had already been extended
once upon Hall's request. *See Draper v.
Coombs,* 792 F.2d 915, 924 (9th Cir.1986)
(affirming district court's discretion to con-
clude discovery).

The district court did not abuse its dis-
cretion by denying Hall's motion to compel

---

* The panel unanimously finds this case suitable
  for decision without oral argument. *See* Fed.
  R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36–3.

production of over 150,000 paper documents where the request would have been unduly burdensome to defendants. *See* Fed.R.Civ.P. 26(b)(2)(C) (court may limit discovery if burden or expense outweighs its likely benefit).

Hall's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

