**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN VON STAICH, | No. 09-16390 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-01235-GEB-GGH |
| v. | |
| ARNOLD SCHWARZENEGGER, Governor of California; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Ivan Von Staich, a California state prisoner, appeals pro se from the district

court's summary judgment in his action alleging defendants violated the Religious

Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") by considering

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

grooming violations during his parole hearings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1029 (9th Cir. 2004). We review for an abuse of discretion the district court's denial of a motion to amend. *Chappel v. Lab. Corp. of Am.,* 232 F.3d 719, 725 (9th Cir. 2000). We may affirm on any basis supported by the record. *Dittman v. California*, 191 F.3d 1020, 1027 n.3 (9th Cir. 1999). We affirm.

The district court properly granted summary judgment to the defendants because, as a result of a settlement in another case, Von Staich had all recent grooming violations removed from his central file, and the consideration of his earlier violations did not impose a substantial burden on his religious exercise. *See San Jose Christian Coll.,* 360 F.3d at 1034 ("[A] substantial burden on religious exercise must impose a significantly great restriction or onus upon such exercise.") (internal quotation marks omitted); *cf. Warsoldier v. Woodford*, 418 F.3d 989, 996 (9th Cir. 2005) (finding a substantial burden because the grooming policy put pressure on inmates to abandon their religious beliefs).

The district court did not abuse its discretion in denying Von Staich's motion to file a Fourth Amended Complaint after properly finding undue delay and

prejudice to the defendants.  *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Von Staich's remaining contentions are unpersuasive.

**AFFIRMED.**