NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALLY A. GILLETTE, | No. 14-36020 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00222-BR |
| v. | MEMORANDUM* |
| WILSON SONSINI GROUP WELFARE BENEFIT PLAN; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Sally A. Gillette appeals pro se from the district court's judgment dismissing

as time-barred her action alleging violations of the Employee Retirement Income

Security Act of 1974 ("ERISA").  We have jurisdiction under 28 U.S.C. § 1291.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and on the basis of the applicable statute of limitations. *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004). We affirm.

The district court properly dismissed Gillette's action because it is barred by ERISA's applicable three-year statute of limitations. *See* 29 U.S.C. § 1113; *Ziegler v. Conn. Gen. Life Ins. Co.*, 916 F.2d 548, 550 (9th Cir. 1990) (explaining two-step analysis to determine accrual under § 1113); *see also Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1401-02 (9th Cir. 1995) (application of "fraud or concealment" exception requires showing of knowingly false misrepresentations with intent to defraud or affirmative steps to conceal alleged breaches).

The district court did not abuse its discretion by dismissing Gillette's complaint without leave to amend because the deficiencies of the complaint could not be cured by amendment. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that denial of leave to amend is proper when amendment would be futile).

We reject as without merit Gillette's contention that the district court converted the motion to dismiss into a motion for summary judgment.

**AFFIRMED.**

2                                                    14-36020