NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA MOORE, | No. 16-56312 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01186-CAB-MDD |
| v. | |
| GREYHOUND BUS LINES, INC.; U.S. SECURITY ASSOCIATE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Brenda Moore appeals pro se from the district court's judgment dismissing

her action alleging a violation of the Americans with Disabilities Act ("ADA").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

under Fed. R. Civ. P. 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We affirm in part, reverse in part, and remand.

The district court properly dismissed without leave to amend the ADA claim against defendant U.S. Security Associate ("U.S. Security") because Moore failed to allege facts sufficient to show that U.S. Security denied Moore public accommodations because of her disability. *See id.* at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (elements of a Title III discrimination claim); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (explaining that dismissal without leave to amend is proper when amendment would be futile or cause undue prejudice).

In her First Amended Complaint, Moore alleged that she walks with a cane and wears a support device due to nerve damage in her foot and leg; that when she bought her bus ticket, she notified defendants that she was disabled and needed assistance boarding buses; that a bus driver and supervisor refused to assist Moore in boarding the bus; that she was not allowed to board the bus because of her disability of being unable to climb stairs without assistance; and that transportation services provided by private entities such as defendant Greyhound Bus Lines, Inc.

("Greyhound") are covered by the ADA. In total, Moore's allegations are sufficient to plead the elements of an ADA claim against Greyhound. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a Rule 12(b)(6) dismissal, a plaintiff must successfully "nudge[] [her] claim[] across the line from conceivable to plausible"); *see also Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014) (discussing definition of disability, and noting that "[t]he definition of disability . . . shall be construed in favor of broad coverage of individuals" (citation and internal quotation marks omitted)).

Although Moore alleged facts sufficient to state a plausible ADA claim against Greyhound, Moore failed to include a demand for relief in her complaint. *See* Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought . . . ."). Moore's opposition to defendants' motions to dismiss, however, contains a prayer for relief, which evidences her ability to amend her complaint. Because Moore was never instructed regarding this Rule 8 deficiency and never given an opportunity to correct it, we reverse and remand to the district court to provide Moore with notice of the deficiency and allow her an opportunity to file a second amended complaint, with a prayer for relief, as to only the ADA claim against Greyhound. *See Lucas v. Dep't of Corr.*,

16-56312

66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

We deem abandoned Moore's other federal and state law claims because Moore fails to raise any specific arguments regarding these claims in her opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**