**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK R. FINNEGAN, | No. 15-56081 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-00420-DSF-RNB |
| v. | |
| A. PATRICK MUNOZ; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Jack R. Finnegan appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from

state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Finnegan's action as barred by the *Rooker-Feldman* doctrine because Finnegan's action is a "de facto appeal" of a prior state court judgment, and he raises claims that are "inextricably intertwined" with that judgment. *See Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (concluding plaintiff's claim for conspiracy was "inextricably intertwined" with the state court's decision); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine the state court's decision was wrong and thus void").

The district court did not abuse its discretion by denying leave to amend the complaint because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as unsupported by the record Finnegan's contention that the district court was biased against him.

Finnegan's motions for relief under Federal Rule of Civil Procedure 60(b) (Docket Entry Nos. 21 and 22) are denied.

**AFFIRMED.**

15-56081