**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| E.F., a minor, by and through his parents Eric Fulsang and Aneida Fulsang; et al., <br><br>        Plaintiffs-Appellants, <br><br> v. <br><br> NEWPORT MESA UNIFIED SCHOOL DISTRICT, <br><br>        Defendant-Appellee. | No.   15-56452 <br><br> D.C. No. <br> 8:14-cv-00455-CJC-RNB <br><br> MEMORANDUM[*] |

On Remand from the United States Supreme Court

Before: TALLMAN and N.R. SMITH, Circuit Judges, and MURPHY,[**] District Judge.

    E.F., a minor, and his parents, Eric and Aneida Fulsang, appeal from the

district court's decision affirming the ruling of an administrative law judge (ALJ)

and granting summary judgment for Newport Mesa Unified School District

(Newport). In the district court, the Plaintiffs-Appellants alleged claims arising

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.*; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132–34; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and California law.

On March 21, 2017, we issued a memorandum disposition affirming the judgment. *E.F. v. Newport Mesa Unified Sch. Dist.*, 684 F. App'x 629 (9th Cir. 2017) (unpublished) (memorandum). In June 2017, the Supreme Court vacated the judgment and remanded the case to us "for further consideration in light of" its recent decision in *Endrew F. v. Douglas Cty. Sch. Dist.*, *RE-1*, 580 U.S. —, 137 S. Ct. 988 (2017). *E.F. v. Newport Mesa Unified Sch. Dist.,* 138 S. Ct. 169 (Mem) (2017).

On remand, we invited the parties to submit additional briefing addressing the Supreme Court's decision in *Endrew*. In *Endrew*, the Supreme Court rejected the Tenth Circuit's interpretation that the Supreme Court's decision in *Rowley*[1]

---

[1] *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester, Cty. v. Rowley*, 458 U.S. 176 (1982).

permitted merely a *de minimis* standard for measuring the progress of students on individualized education programs who are not fully integrated in the regular classroom. *Endrew*, 137 S. Ct. 988, 997–1001. The court concluded that the IDEA requires "an educational program reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Id.* at 1001.

We have already noted that *Endrew* did not change, but simply clarified *Rowley*. *M.C. v. Anetelope Valley Union High Sch. Dist.*, 858 F.3d 1189, 1200 (9th Cir. 2017). Our standard comports with *Endrew*'s clarification of *Rowley*. *See J.L. v. Mercer Sch. Dist.*, 592 F.3d 938, 951 n.10 (9th Cir. 2010) (noting that the Ninth Circuit uses "educational benefit," "some educational benefit," or "meaningful" educational benefit and that meaningful access must confer "some educational benefit"); *Adams v. Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999) (assessing whether an early intervention plan required under the IDEA conveyed the student "with a meaningful benefit"). Consequently, the ALJ's application of the Ninth Circuit's standard was proper even before *Endrew* clarified the Supreme Court's holding in *Rowley*.

We therefore affirm the district court for the following reasons.

Newport did not deny E.F. a free appropriate public education (FAPE). The district court properly accorded the ALJ's decision substantial deference because the ALJ's decision was thorough, careful, impartial, and sensitive to the

complexity of the issues presented. *See Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1476 (9th Cir. 1993). The ALJ's decision contained findings of fact sufficiently linked to discrete analysis and thoughtful consideration of the documents and testimony received during the seven-day administrative hearing.

Additionally, the record does not compel the conclusion that the ALJ erred in affording little weight to the testimony of Dr. Elizabeth Hughes of the Institute for Applied Behavior Analysis (IABA). *See Amanda J.*, 267 F.3d at 889.

In light of the deference appropriately afforded to the ALJ's decision, we hold that the district court properly upheld the ALJ's decision on Plaintiffs' IDEA claims. With the exception of Newport's failure to assess E.F. for a high-tech assistive technology (AT) device between February 2012 and February 2013, E.F.'s individualized education programs were otherwise "reasonably calculated to enable [E.F.] to receive educational benefits" and make appropriate progress in light of the circumstances. *Id*. at 890 (quoting *Rowley*, 458 U.S. at 206–07).

Newport provided E.F. with a FAPE. Before February 2012, E.F. made some progress toward his speech and language goals, and Newport was using non-electronic AT devices to improve E.F.'s communicative skills. *See* 20 U.S.C. § 1414(d)(3)(B)(v). Although Plaintiffs presented evidence that children with autistic-like behaviors may begin using electronic AT devices as early as age three,

4

evidence adduced at the administrative hearing also established that some foundational behavioral and communicative skills are necessary in order for children to use electronic AT devices successfully. Accordingly, we hold that Newport did not deny E.F. a FAPE by failing to assess him for an electronic AT device before February 2012.

The district court properly granted Newport's motion for summary judgment of Plaintiffs' claims under Title II of the ADA and Section 504 of the Rehabilitation Act. A reasonable factfinder could not conclude that Newport's denial of an electronic AT assessment before 2013 amounted to intentional discrimination in the form of deliberate indifference. *See A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016). The record demonstrates that, while Newport should have assessed E.F. for a high-tech AT device before 2013, its decision not to do so was the result of thorough and good-faith evaluations of E.F.'s foundational communicative skills.

The district court also correctly granted Newport's motion for summary judgment of Plaintiffs' state law claims on the grounds that such claims were barred by Eleventh Amendment immunity. *See Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009) (dismissing state civil rights claims brought against a school district in federal court as barred by Eleventh Amendment immunity).

Finally, the district court did not err when it entered summary judgment before the close of discovery. Plaintiffs had sufficient time for discovery "necessary to develop 'facts essential to justify . . . opposition' to the [summary judgment] motion" because of the age of the case and the well-developed record at the time of the district court's order. *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) (quoting Fed. R. Civ. P. 56). Nor did the district court abuse its discretion in failing to offer Plaintiffs another opportunity to further amend their complaint. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000).

Costs on appeal are awarded to Defendant-Appellee.

**AFFIRMED.**