**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDERICK LEE JACKSON, | No.    18-15650 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-00526-NC |
| v. | |
| PHUC LAM, M.D.; L. HEDDEN, M.D., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding**

Submitted October 22, 2018***

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

California state prisoner Frederick Lee Jackson appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before the magistrate judge.  *See* 28
U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Jackson failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his knee pain. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying leave to amend for Jackson to add a retaliation claim because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court "acts within its discretion to deny leave to amend when amendment would be futile").

We reject as unsupported by the record Jackson's contention concerning bias of the district court.

**AFFIRMED.**

18-15650