NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN J. FOSTER, | No. 17-17332 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-02122-JSW |
| v. | |
| TANI G. CANTIL-SAKAUYE, Chief Justice; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Steven J. Foster appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process claims stemming from California State Bar ("State Bar") reciprocal discipline procedures. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

12(b)(1) and 12(b)(6). *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Foster's as-applied due process claim was proper because it was not prudentially ripe. *See Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1154 (9th Cir. 2017) (prudential ripeness component of ripeness inquiry considers fitness of issues for judicial decision and hardship to parties of withholding court consideration). However, a dismissal for lack of subject matter jurisdiction should be without prejudice. *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). We affirm the dismissal, and instruct the district court to amend the judgment to reflect that the dismissal of this claim is without prejudice.

The district court properly dismissed Foster's facial due process challenge because Foster failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *Rosenthal v. Justices of the Supreme Court of Cal.*, 910 F.2d 561, 564 (9th Cir. 1990) (procedural due process requires a lawyer subject to discipline to be provided with notice and an opportunity to be heard); *cf. In re Kramer*, 282 F.3d 721, 725 (9th Cir. 2002)

17-17332

(function of a court seeking to impose reciprocal discipline is "far different" from that of a court seeking to impose discipline in the first instance).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

Appellees' motion to take judicial notice (Docket Entry No. 15) is denied.

**AFFIRMED with instructions to amend the judgment.**