NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARI-LYNNE EARLS,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>TANI CANTIL-SAKAUYE, in her administrative capacity as chair of the Judicial Council of California and Assigned Judges Program of the Judicial Council; PATRICIA M. LUCAS, Presiding Judge; in her capacity as presiding judge as described in CCP 391.7,<br><br>    Defendants-Appellees. | No. 18-15414<br><br>D.C. No. 3:17-cv-07122-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted December 17, 2018[**]

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Mari-Lynne Earls appeals pro se from the district court's judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing her 42 U.S.C. § 1983 action alleging constitutional claims related to California's Vexatious Litigant Statute, Cal. Civ. Proc. Code §§ 391-391.8. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Earls's claims regarding past or future enforcement of the prefiling order, and her inclusion on the Judicial Council's vexatious litigant list, because such claims constitute a forbidden "de facto appeal" of prior state court judgments or are "inextricably intertwined" with those judgments. *See Noel*, 341 F.3d at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void"). To the extent Earls sought prospective relief from a future denial of an application to file new litigation unrelated to the prior state court judgments, such a claim is not ripe. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (citations and internal quotation marks omitted)).

18-15414

Dismissal of Earls's first amended complaint without leave to amend was not an abuse of discretion because amendment would have been futile. *See Chappel v. Lab. Corp.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**