NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KELSEY K., individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

v.

NFL ENTERPRISES, LLC; et al.,

Defendants-Appellees.

No.   17-16508

D.C. No. 3:17-cv-00496-WHA

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 19, 2018**
San Francisco, California

Before:  CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

Plaintiff-Appellant Kelsey K. was employed as a cheerleader for the San

Francisco 49ers' cheerleading squad, the Gold Rush Girls, from May or July 2013

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

through February 2014.[1] Kelsey filed a complaint alleging violations of the Sherman Act, 15 U.S.C. § 1, and California's Cartwright Act, Cal. Bus. & Prof. Code § 16720, against twenty-seven of the National Football League teams (the "NFL Member Teams") who, during the proposed class period, employed cheerleaders, and seeking certification of a class of current and former NFL cheerleaders allegedly harmed by those violations. Kelsey alleges that the NFL Member Teams conspired to suppress cheerleaders' wages and to prevent cheerleader recruitment. Kelsey appeals the district court's: (1) dismissal of the complaint for failure to state a claim; (2) denial of leave to amend as futile; and (3) denial of discovery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's rulings.[2]

A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Denial of leave to amend is improper unless, upon de novo review, it is clear that the complaint could not be saved by

---

[1] Kelsey's complaint alleges both date ranges.

[2] The facts and procedural history are familiar to the parties and are restated here only as necessary to resolve the issues.

2

any amendment. *Id.* Discovery rulings are reviewed for abuse of discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004).

Section 1 of the Sherman Act prohibits unreasonable restraints on trade. *See Bus. Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 723 (1988). To prove *per se* illegality, a plaintiff must allege "evidentiary facts which, if true, will prove: (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce . . . ; (3) which actually injures competition." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (citations omitted).

Kelsey's complaint alleges the existence of two agreements amongst the defendants that she argues are *per se* illegal, namely a no-poaching agreement and a wage fixing agreement. Kelsey fails to plausibly allege *per se* illegality of either agreement. Her assertions of direct evidence are deficient for two reasons.

First, Kelsey fails to plausibly allege the existence of an agreement or conspiracy to restrain trade. Her allegations largely center on an anti-tampering provision that has been in the NFL's constitution and bylaws for decades (which broadly prevents NFL teams from tampering with other teams' employees while they are under contract), and the fact that NFL executives and team owners re-ratified that provision annually. However, those allegations "just as easily suggest rational, legal business behavior," as they do the existence of an agreement among

3

the defendants to restrain trade. *Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1130 (9th Cir. 2015) (citations omitted).

Second, Kelsey failed to allege any facts showing that the NFL Member Teams intended to harm or restrain trade. Kelsey asserts that NFL executives' meeting at annual events, including the Super Bowl, evince conspiratorial intent. However, the mere fact that these meetings occurred, at most, shows opportunity, not intent. These allegations, again, suggest rational, legal business behavior, not a violation of the antitrust laws. *Id.*

Similarly, Kelsey's assertions of circumstantial evidence are inadequate to sustain a claim for relief. To plead a conspiracy through circumstantial evidentiary facts, a plaintiff must allege both (i) actual parallel conduct and (ii) additional "plus factors" to "nudge[] the[] claims across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[P]lus factors are economic actions and outcomes that are largely inconsistent with unilateral conduct but largely consistent with explicitly coordinated action." *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1194 (9th Cir. 2015) (citation omitted).

Kelsey alleges that during her employment as a cheerleader for the 49ers, she was paid $125.00 per game, not paid for time spent rehearsing, and was paid for working at mandatory community outreach events only in limited

4

circumstances. She alleges the "low, flat fee" was parallel to that paid by four other teams, and asserts several "plus factors." However, her alleged "plus factors" are largely consistent with unilateral conduct rather than explicitly coordinated action among the teams. Without something more plausibly asserting "a meeting of the minds," *Twombly*, 550 U.S. at 557, Kelsey has not alleged a conspiracy or agreement to restrain trade.

Kelsey's claim under California's Cartwright Act fails for the same reasons because the requirements to plead a claim under California's Cartwright Act are "patterned after section 1 of the Sherman Act." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1476–77 (9th Cir. 1986) (citations omitted). Accordingly, we affirm the district court's ruling that the complaint fails to plausibly allege conspiracy under the Cartwright Act.

Furthermore, the amendments that Kelsey proposes would not cure these defects. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000).[3] Accordingly, the district court did not abuse its discretion when it denied leave to amend.

---

[3] Kelsey also suggests that leave to amend should be granted to permit her an opportunity to include facts sufficient to allow her claims to be analyzed under the rule of reason. Kelsey concedes that her present complaint may not allege sufficient facts to establish liability under the rule of reason. As allegations relevant to a rule of reason analysis could have been pled but were not, and, as no explanation has been given for that omission, there is no merit in this suggestion.

Finally, the district court properly denied discovery. The Supreme Court in *Twombly* noted that "proceeding to antitrust discovery can be expensive" and prescribed that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." 550 U.S. at 558 (citations omitted). Here, the district court's conclusion that no plausible claim for relief has been pled justifies the denial of discovery "to avoid the potentially enormous expense of [antitrust] discovery" cautioned against in *Twombly*. *Id.* at 559. Thus, we affirm the district court's denial of discovery.

**AFFIRMED.**