NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY J. RUGGLES, | No. 19-17470 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02950-SPL |
| v. | |
| CITY OF SCOTTSDALE, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| M. McCOY, named as City of Scottsdale Police Officer, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Bradley J. Ruggles appeals pro se from the district court's judgment

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Walker v. Beard*, 789 F.3d 1125, 1131 (9th Cir. 2015). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Ruggles's intentional infliction of emotional distress ("IIED") claim as time-barred because Ruggles failed to bring this claim within the applicable one-year statute of limitations. *See* Ariz. Rev. Stat. § 12-821; *Watkins v. Arpaio*, 367 P.3d 72, 76-77 (Ariz. Ct. App. 2016) (discussing one-year statute of limitations period for IIED claim against an Arizona public entity and proper application of "continuing wrong" doctrine).

Dismissal of Ruggles's malicious prosecution claim was proper because Ruggles failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Gonzales v. City of Phoenix*, 52 P.3d 184, 187 (Ariz. 2002) (en banc) (discussing probable cause element of malicious prosecution claim under Arizona law); *Carroll v. Kalar*, 545 P.2d 411, 412 (Ariz. 1976) ("The failure to establish a lack of probable cause is a complete defense to an action for

19-17470

malicious prosecution.").

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as without merit Ruggles's contentions that the district court erred by failing to allow oral argument or held him to the high standard of a lawyer.

**AFFIRMED.**