**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER MITCHELL STEWART, Jr., | No. 16-35492 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-00044-BMM |
| v. | |
| WATTS, Crossroads Transport Officer, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Federal prisoner Walter Mitchell Stewart, Jr. appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his

action alleging violation of his constitutional rights.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Williams v. Paramo*, 775 F.3d 1182, 1191

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Stewart failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies, or whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Stewart's motion to file a second amended complaint because amendment would have been futile.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

In light of our disposition, we do not consider the merits of Stewart's claims.

To the extent that Stewart seeks additional relief (Docket Entry No. 11),

16-35492

Stewart's request is denied.

**AFFIRMED.**