**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 8 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES ROTHERY; ANDREA HOFFMAN,<br><br>          Plaintiffs-Appellants,<br><br> and<br><br>DEANNA SYKES; et al.,<br><br>          Plaintiffs,<br><br>  v.<br><br>COUNTY OF SACRAMENTO; et al.,<br><br>          Defendants-Appellees. | No. 09-16852<br><br>D.C. No. 2:08-cv-02064-JAM-KJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges

James Rothery and Andrea Hoffman appeal from the district court's

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment dismissing their 42 U.S.C. § 1983 action alleging violations of their constitutional rights arising from the denial of a license to carry concealed firearms in public. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Peruta v. County of San Diego*, 824 F.3d 919, 925 (9th Cir. 2016) (en banc) (constitutional issues); *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed plaintiffs' Second Amendment claim because "the Second Amendment does not protect, in any degree, the carrying of concealed firearms by members of the general public." *Peruta*, 824 F.3d at 942. The district court properly dismissed plaintiffs' derivative claim under the Privileges and Immunities Clause. *See Peruta*, 824 F.3d at 942 (holding that a derivative privilege and immunities claim was "necessarily resolve[d]" by the court's Second Amendment holding).

The district court properly dismissed plaintiffs' equal protection claim because plaintiffs failed to allege facts sufficient to state a plausible claim for relief. *See Romer v. Evans,* 517 U.S. 620, 631 (1996) ("[I]f a law neither burdens a fundamental right nor targets a suspect class, [the Supreme Court] will uphold the legislative classification so long as it bears a rational relation to some legitimate end."); *Silveira v. Lockyer*, 312 F.3d 1052, 1088 (9th Cir. 2002) ("[F]or a state action to trigger equal protection review at all, that action must treat similarly

situated persons disparately."), *abrogated on other grounds by District of Columbia v. Heller*, 554 U.S. 570 (2008); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a plaintiff must aver in the complaint sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation omitted)).

The district court properly dismissed plaintiffs' claim alleging a Ninth Amendment violation because "the Ninth Amendment does not encompass an unenumerated, fundamental, individual right to bear firearms." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996).

The district court did not abuse its discretion by dismissing plaintiffs' action without leave to amend because leave to amend would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile[.]").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**