NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT H. O'CONNOR,

               Plaintiff-Appellant,

   v.

NATIONSTAR MORTGAGE, LLC,

               Defendant-Appellee.

No. 14-16961

D.C. No. 3:13-cv-05874-NC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted February 13, 2018[***]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

This matter has been stayed since March 22, 2017 pending resolution of *Ho v. ReconTrust Co., N.A.*, No. 10-56884, or further order of the court. We hereby lift the stay.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

     [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Robert H. O'Connor appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed O'Connor's Fair Credit Reporting Act ("FCRA") claims because O'Connor failed to allege facts sufficient to show that he reported a dispute of any information provided by Nationstar to a credit reporting agency ("CRA"). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (explaining that a creditor's duties under the FCRA are "triggered upon notice of a dispute from a CRA" rather than "directly from the consumer").

The district court properly dismissed O'Connor's Fair Debt Collection Practices Act ("FDCPA") claims because O'Connor failed to allege facts sufficient to show that Nationstar engaged in debt collection activity. *See Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect a 'debt' as that term is defined

14-16961

by the FDCPA.").

The district court properly dismissed O'Connor's state law claims as barred by the doctrine of res judicata because these claims involve the same primary right as those O'Connor litigated in a prior state court action. *See Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 306-07 (Cal. 2002) (explaining California's primary right theory); *see also Matsushita Electric Industrial Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996) ("Federal courts may not employ their own rules in determining the effect of state judgments, but must accept the rules chosen by the State from which the judgment is taken." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in granting Nationstar's requests for judicial notice because the documents in question are matters of public record. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (standard of review); *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (documents filed in federal or state court and other matters of public record are subject to judicial notice).

The district court did not abuse its discretion in denying O'Connor's motion to file a second amended complaint because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A

14-16961

district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**