**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY NEAL BOSWORTH, | No. 17-15470 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00285-LEK-KJM |
| v. | |
| FOSS MARITIME, Foss Maritime/Hawaiian Tug And Barge; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Larry Neal Bosworth appeals pro se from the district court's judgment

dismissing his employment action alleging federal and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the

denial of leave to amend.  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

636 (9th Cir. 2012).  We affirm.

The district court did not abuse its discretion in denying Bosworth's motion for leave to file a second amended complaint because amendment would have been futile.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

The district court did not abuse its discretion in denying Bosworth's motion to appoint counsel because Bosworth had not alleged facts sufficient to state a Title VII claim.  *See Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318, 1318 n.20 (9th Cir. 1981) (standard of review and factors for court to assess in determining whether to appoint counsel for actions involving claims under Title VII).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**