NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STANLEY RIMER; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LUCINDA L. COUMOU; et al., <br><br> Defendants-Appellees. | No. 17-17509 <br><br> D.C. No. 3:17-cv-00281-MMD-WGC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Nevada state prisoners Stanley Rimer, Brian Kerry O'Keefe, John H. Rosky, and Richard Allen Lancaster appeal pro se from the district court's judgment dismissing their 42 U.S.C. § 1983 action alleging constitutional claims on the basis of the state court's transfer of their state habeas corpus petitions to the courts in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

which their respective criminal cases were adjudicated. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed appellants' action with prejudice because appellants failed to allege facts sufficient to state a plausible claim or facts sufficient to show a deprivation of a constitutional right caused by the transfer of their petitions. *See Hebbe v. Pliler*, 627 F.3d 338, 341-43 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief; an access-to-courts claim requires an actual injury); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998) (the touchstone of due process is protection against arbitrary action of the government); *West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a § 1983 claim); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (a *Monell* claim cannot survive in the absence of an underlying constitutional violation).

The district court did not abuse its discretion by denying leave to file a second amended complaint because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion

to deny leave to amend when amendment would be futile").

We reject as unsupported by the record appellants' contention that the district court did not adequately address their objections to the magistrate judge's Report & Recommendation.

Appellants' requests for an evidentiary hearing and appointment of counsel, set forth in the opening brief, are denied.

**AFFIRMED.**

17-17509