**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN IRELAND, | No. 18-35316 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-02054-JR |
| v. | |
| BEND NEUROLOGICAL ASSOCIATES, LLC, an Oregon limited liability company; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Stephen Ireland appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo the district court's dismissal under Federal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Ireland's request for oral argument, set forth in his reply brief, is denied.

Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm in part, vacate in part, and remand.

The district court properly dismissed Ireland's claim of a per se violation of § 1 of the Sherman Act because Ireland failed to allege facts sufficient to state a plausible claim. *See id.* at 341-42 (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Austin v. McNamara*, 979 F.2d 728, 738 (9th Cir. 1992) (discussing requirements for per se violation under the Sherman Act).

The district court did not abuse its discretion by denying leave to amend the per se Sherman Act claim because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

However, the district court erred by dismissing Ireland's "rule of reason" Sherman Act claim. Liberally construed, the proposed second amended complaint contains sufficient allegations that defendants' decision to terminate call coverage for Ireland's patients was intended to restrain competition unreasonably and actually caused injury to competition that harmed consumer welfare. Ireland alleged that defendants have refused service to lower-paying patients and procedures, and that he was the only neurologist who saw patients whom

18-35316

defendants refused to see.  *See Austin*, 979 F.2d at 739 (requirements for a "rule of reason" violation); *see also Metro Indus., Inc. v. Sammi Corp.*, 82 F.3d 839, 848 (9th Cir. 1996) ("[W]hile conduct that eliminates rivals reduces competition, reduction of competition does not invoke the Sherman Act until it harms consumer welfare." (citation and internal quotation marks omitted)); *Pinhas v. Summit Health, Ltd.*, 894 F.2d 1024, 1032 (9th Cir. 1989) (discussing allegation regarding plaintiff's provision of services at a lower rate than competitors; concluding that plaintiff adequately pleaded injury to competition).

The district court dismissed Ireland's intentional interference with economic relations ("IIER") claim because the allegations regarding the requisite "improper means" or "improper purpose" were directly linked to Ireland's Sherman Act claim.  Because we conclude that the district court erred by dismissing the "rule of reason" Sherman Act claim, we conclude that the district court erred by dismissing Ireland's IIER claim.  *See Kraemer v. Harding*, 976 P.2d 1160, 1170 (Or. Ct. App. 1999) (elements of an IIER claim).

In sum, we vacate and remand as to Ireland's "rule of reason" Sherman Act claim and IIER claim under Oregon law.  We affirm dismissal of Ireland's per se Sherman Act claim.

In light of our disposition, we do not consider Ireland's contentions regarding judicial notice or the incorporation by reference doctrine.

18-35316

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**