NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAVIN B. DAVIS, | No. 18-56107 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00866-WQH-JLB |
| v. | |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted February 19, 2019**

Before: FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Former pretrial detainee Gavin B. Davis appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging an access-to-

courts claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 338, 341 (9th Cir. 2010).  We affirm.

The district court properly dismissed Davis's action because Davis failed to allege facts sufficient to state a plausible claim.  *See id.* at 341-42 (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1243-45 (9th Cir. 2013) (discussing actual injury requirement, "affirmative assistance," and "active interference" in context of access-to-courts claim).

The district court did not abuse its discretion by dismissing Davis's action without leave to amend because amendment would have been futile.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile[.]").

Davis's motion to file a supplemental brief (Docket Entry No. 16) is granted. The Clerk shall file the supplemental brief submitted at Docket Entry No. 14.

We treat Davis's correspondence to the court (Docket Entry No. 39) as a motion to seal, and deny the motion.

All other pending motions and requests are denied.

**AFFIRMED.**