NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAVIN B. DAVIS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SAN DIEGO DISTRICT ATTORNEY; et al., <br><br> Defendants-Appellees. | No. 18-56202 <br><br> D.C. No. 3:17-cv-00654-JLS-BGS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Gavin B. Davis appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim

under Federal Rule of Civil Procedure 12(b)(6) and based on absolute immunity.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001). We affirm.

The district court properly dismissed Davis's action as barred by prosecutorial immunity because Davis failed to allege facts sufficient to show that defendants' alleged conduct was not "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976); *Garmon v. County of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016) (explaining the application of absolute prosecutorial immunity).

To the extent Davis's action alleged claims against the office of the San Diego County District Attorney, the district court correctly found that defendant is entitled to Eleventh Amendment immunity. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (district attorney's office acts as a state office as to actions taken in its prosecutorial capacity and is not subject to suit under § 1983).

The district court did not abuse its discretion by denying Davis further leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

All pending motions and requests, including Davis's request set forth in his reply brief to "quash" the answering brief, are denied.

**AFFIRMED.**

18-56202