**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT R. SOTO, | No.    18-16993 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00597-DTF |
| v. | |
| LHM CORPORATION, DBA TVW Larry H Miller Volkswagon of Tucson, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
D. Thomas Ferraro, Magistrate Judge, Presiding**

Submitted September 12, 2019***

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Robert R. Soto appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising out of his employment.  We

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Soto's request for oral argument, set forth in the opening brief, is denied.

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014). We affirm.

The district court properly dismissed Soto's Title VII and 42 U.S.C. § 1981 claims because Soto failed to allege facts sufficient to set forth a prima facie case of discrimination, retaliation or hostile work environment. *See Hebbe v. Pliler*, 627 F.3d 338, 340-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105-08 (9th Cir. 2008) (discussing *McDonnell Douglas* burden shifting framework applicable to Title VII and § 1981 claims; setting forth prima facie cases of discrimination, retaliation and hostile work environment).

The district court properly dismissed Soto's contract claims because Soto failed to allege facts sufficient to state a plausible claim under Arizona law. *See Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004) (setting forth elements of a breach of contract claim); *see also FL Receivables Tr. 2002–A v. Ariz. Mills, L.L.C.*, 281 P.3d 1028, 1037 (Ariz. Ct. App. 2012) (a contracting party breaches the implied covenant of good faith and fair dealing by denying the other party the reasonably expected benefits of the contract).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

**AFFIRMED.**