NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY MERLO,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>CITY OF PALO ALTO,<br><br>　　　　　　Defendant-Appellee. | No. 18-17182<br><br>D.C. No. 5:18-cv-03943-BLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Anthony Merlo appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a due process violation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thompson v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  We affirm.

The district court properly dismissed Merlo's action arising from the state court's entry of the vexatious litigant order because Merlo failed to allege facts sufficient to show that the City of Palo Alto was liable for any due process violation.  *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury."); *see also Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1236 (9th Cir. 2009) (elements of a procedural due process claim).  Contrary to Merlo's contention, the district court properly characterized his due process claim as arising under § 1983. *See Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015).

The district court did not abuse its discretion in denying Merlo leave to amend because amendment would have been futile.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court "acts within its discretion to deny leave to amend when amendment would be futile").

**AFFIRMED.**

18-17182