**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN JONES DOE III, | No. 20-15035 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05195-JD |
| v. | |
| COUNTY OF SONOMA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted June 21, 2021**

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

John Jones Doe III appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action arising from his 72-hour and 14-day mental

health holds under California Welfare and Institutions Code §§ 5150 and 5250.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Ass'n des*

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (Eleventh Amendment immunity); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm in part, vacate in part, and remand.

The district court properly dismissed Doe's claims against the State of California and the California Attorney General on the basis of Eleventh Amendment immunity. *See Harris*, 729 F.3d at 943.

The district court did not abuse its discretion in dismissing Doe's claims against the State of California and the California Attorney General without leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

However, the district court erred in dismissing Doe's claims for damages against defendants MacDonald, Walker, and Santos on the ground that Doe sued them in their official capacities. *See Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994) ("Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities."); *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990) (relying on the "basis of the claims asserted and

nature of relief sought" to determine capacity in which defendant is being sued); *see also Hebbe*, 627 F.3d at 342 (pro se pleadings are construed liberally). We vacate the judgment as to defendants MacDonald, Walker, and Santos. On remand, the district court should consider in the first instance whether Doe alleged facts sufficient to state a plausible claim against these defendants in their individual capacities.

The district court granted Doe leave to amend his constitutional challenge to the Lanterman-Petris-Short Act's certification procedures, and Doe included a constitutional challenge in his amended complaint. In dismissing the amended complaint, however, the district court did not address Doe's constitutional challenge. On remand, the district court should consider this claim and the proper defendants for such claim in the first instance.

Doe's request that this case be reassigned to a new department on remand, set forth in the opening brief, is denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

20-15035