NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAKEH PAUL CULVER,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>3M COMPANY,<br><br>　　　　Defendant - Appellee. | No. 24-3846<br><br>D.C. No.<br>3:24-cv-05119-DGE<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted July 9, 2025
Seattle, Washington

Before: HAWKINS, GRABER, and BENNETT, Circuit Judges.

Plaintiff Jakeh Paul Culver appeals from the dismissal of his suit in favor of

Defendant 3M Company. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo the district court's grant of a motion to dismiss, *Hebbe v. Pliler*, 627 F.3d

338, 341 (9th Cir. 2010), and for abuse of discretion the district court's denial of

leave to amend, *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We affirm.

1.  The district court did not err in concluding that Plaintiff failed to claim that 3M enforced or explicitly leveraged the non-compete agreement.   Under Washington law, "[a] cause of action may not be brought regarding a noncompetition covenant signed prior to January 1, 2020, if the noncompetition covenant is not being enforced or explicitly leveraged."[1]   RCW 49.62.080(4). Washington courts have not specified what it means to "enforce[]" or "explicitly leverage[]" a non-compete agreement, but under the plain meaning of those terms, 3M did not "enforce[]" or "explicitly leverage[]" the non-compete agreement *See Enforce*, Black's Law Dictionary (12th ed. 2024) (defining "enforce" to mean "[t]o give force or effect to (a law, etc.); to compel obedience to"); *Leverage*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/leverage (last visited May 28, 2025) (defining "leverage" to mean "to use for gain: exploit"). Plaintiff reached out to 3M for relief under the Employee Agreement, and 3M requested information to provide him with relief.  Under these facts, 3M's request for information did not rise to "enforc[ing]" or "explicitly leverag[ing]" the non-compete agreement.  Once Plaintiff provided the requested information, 3M gave him a limited waiver to pursue the employment opportunity.  3M's waiver did not

---

[1] We assume without deciding that the 2024 amendments to Washington's non-compete statute apply to Plaintiff's claims.  *See* Wash. Sess. Laws ch. 36 § 5.

"enforce[]" or "explicitly leverage[]" the non-compete agreement.

2. The district court did not err in dismissing Plaintiff's claim that 3M violated Washington's Consumer Protection Act. First, even assuming that a violation of Washington's non-compete laws constitutes a per se violation of Washington's Consumer Protection Act, Plaintiff failed to allege 3M violated Washington's non-compete statute. Second, Plaintiff failed to plead 3M's actions were unfair or deceptive. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*, 719 P.2d 531, 533 (Wash. 1986). Plaintiff did not allege that the terms of the non-compete agreement were abusive or that 3M engaged in deception to get him to sign the agreement. Plaintiff fails to show that 3M acted unfairly or that his claims have a public interest impact. *See id.* at 538 ("Ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest.").

3. The district court did not err in dismissing Plaintiff's tortious interference with contract claim. Under Washington law, a plaintiff must allege:

> (1) [T]he existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage.

*Pac. Nw. Shooting Park Ass'n v. City of Sequim*, 144 P.3d 276, 280 (Wash. 2006) (quoting *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash.

1997)).  Plaintiff failed to plead that 3M interfered causing a breach or termination of a relationship or expectancy.  3M requested information about Plaintiff's job opportunity and then granted Plaintiff a release to accept the job.  Plaintiff alleged that *he* then "turn[ed] down" the job.

4.  The district court did not abuse its discretion by denying Plaintiff leave to amend.  No additional facts could be pled that would allow Plaintiff to state a plausible claim for relief. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  Plaintiff argues that he will provide additional explanation if permitted leave to amend, but he already included these additional allegations in his Amended Complaint.

**AFFIRMED.**